**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. PORTER,** | : | **Case No. 3:06 cv 1608** |
| | : | |
| **Petitioner,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **STUART HUDSON,** | : | <u>**ORDER**</u> |
| | : | |
| **Respondent.** | : | |

This matter arises upon a Petition for habeas corpus relief filed in this Court on June 15, 2006, by Michael J. Porter ("Porter").[1]  Jurisdiction has been invoked pursuant to 28 U.S.C. § 2254.

Porter is currently an inmate at the Mansfield Correctional Institute in Mansfield, Ohio; Stuart Hudson ("Hudson") is the Warden of that institution.  Porter alleges his detention is in violation of the United States Constitution and that he is entitled to a writ of habeas corpus because, *inter alia*, he received ineffective assistance of legal counsel, and an erroneous sentence, during his state court criminal proceedings.

Porter did not pursue a timely appeal as of right from his conviction and sentence.  Instead, more than three years after the state trial court imposed his sentence pursuant to negotiated guilty pleas in each of Porter's three criminal cases, Porter instituted - for the first time - a request for appellate review by filing a motion for leave to file a delayed appeal in the Third District Court of Appeals.  The appellate court overruled Porter's motion, finding that Porter had failed to provide any justifiable reason

---

[1]     Porter's habeas petition was received for filing in this Court on June 30, 2006; however, Porter signed the petition on June 15, 2006.  It is expressly argued (and, therefore, conceded) by the Respondent that the "prison mailbox rule" applies to Porter's petition.  Accordingly, the date Porter executed his petition - June 15, 2006 - is considered the date of filing for purposes of the applicable statute of limitations in this case. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

for his untimely request.[2]  The court further reasoned that the sentence imposed by the trial court was jointly recommended by the parties as part of Porter's negotiated pleas of guilt; therefore, the motion was not well taken.  Porter subsequently filed an appeal with the Ohio Supreme Court.  That court, finding no substantial constitutional question, denied Porter's appeal.  Nearly one year later, Porter filed his habeas petition in this Court.

Currently pending before the Court is a *Motion to Dismiss* (Doc. No. 7) filed by Hudson, who claims the habeas petition filed by Porter in this Court on June 15, 2006, is significantly time-barred. Porter has filed a Traverse in opposition, and Hudson has filed a Reply.  Pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b), this matter was referred to a Magistrate Judge of this Court.

On April 26, 2007, Magistrate Judge George J. Limbert issued a Report and Recommendation ("R&R"), which recommends the Court dismiss Porter's habeas petition with prejudice.  Porter has filed an Objection to the R&R, reiterating the same issues he raised in his opposition to Hudson's motion to dismiss.  Hudson has responded to Porter's objections; therefore, this matter is ready for the Court's consideration.

For the reasons outlined below, the Court **ADOPTS** the R&R as its own.  After conducting an independent review of the habeas petition, the Court finds no merit in Porter's objections.  Accordingly, Hudson's request that Porter's petition be dismissed as time-barred (Doc. No. 7) is **GRANTED**. Porter's habeas petition is **DISMISSED with prejudice**.  In light of Porter's objections, however, the Court finds it necessary to articulate its reasoning.

---

[2]     The trial court journalized its entry of Porter's sentence on August 13, 2001. Porter, however, did not file his motion for leave to file a delayed appeal until November 2, 2004 - approximately three years and three months later.

## I.      STANDARD OF REVIEW

When objections are made to a report and recommendation of a magistrate judge, the district

court reviews the case *de novo*.  Fed. R. Civ. P. 72(b).  Here, Porter's habeas petition is governed by

the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2254, which

applies to habeas petitions - like Porter's - that are filed long after the AEDPA became effective on

April 24, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997); *cert. denied*, 522 U.S. 1112

(1998).  The AEDPA has established a one-year statute of limitations period for the filing of federal

habeas corpus petitions by state prisoners.  *See* 28 U.S.C. § 2244(d)(1).  A person in custody pursuant

to the judgment of a state court must file an application for writ of habeas corpus within one year from

the latest of four circumstances:

> (A)    the date on which the [state court] judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B)    the date on which the impediment to filing an application created
> by state action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from
> filing by such state action;
>
> (C)    the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or,
>
> (D)    the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The AEDPA allows for statutory tolling, which, under proper circumstances, will extend the

one-year statute of limitations.  By the express language of that Act, the time during which a properly

3

filed application for State post-conviction or other collateral relief is pending is not counted against the one-year limitation period.  *See* 28 U.S.C. § 2244(d)(2).  Pursuant to the terms of § 2244(d)(2), however, state court petitions and applications must be both "pending" and "properly filed" in order to stay the AEDPA's one-year period of limitation.  *Id.*  Untimely motions are not "properly filed" and will not stop the one-year clock.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).[3]

> This Court very recently identified the outer limits of the AEDPA's tolling provision:

> > A post-conviction petition is properly filed when its delivery and acceptance comply with the applicable rules and laws governing filings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004).  When a petitioner properly files for post-conviction relief, the statute of limitations period for a habeas corpus action is only tolled while the application is "pending."  According to *Lawrence v. Florida*, "when the state courts have issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari." 127 S. Ct. 1079 (2007).  This holding effectively overrules *Abela v. Martin's* finding that the statute of limitations is tolled from the filing of the application "until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case."  348 F.3d 164, 172-73 (6th Cir. 2003).

*Pratts v. Hurley*, No. 5:04CV1875, 2007 WL 1577794, *2 (N.D. Ohio May 31, 2007)(Boyko, J.)(Slip copy).  The Supreme Court, in *Lawrence*, cited by this Court in *Pratts*, *supra*, explained the rationale for recognizing the AEDPA's statutory tolling only through the conclusion of final review by a ***state*** court, rather than through conclusion of the time for seeking certiorari:

> > Read naturally, the text of the statute must mean that the statute of

---

[3]     *See also Raglin v. Randle*, 10 Fed. Appx.314, 315 (6th Cir. 2001)("[U]ntimely state collateral attacks are not properly filed and do not toll the statute of limitations."); *Hill v. Randle*, 27 Fed. Appx. 494, 496 (6th Cir. 2001)(finding that the petitioner's untimely motion for leave to file a delayed appeal did not toll the statute of limitations because it was "not properly filed within the meaning of § 2244(d)(2).").

> limitations is tolled only while state courts review the application. As we stated in *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (internal quotation marks omitted), a state postconviction application "remains pending" "until the application has achieved final resolution through the State's postconviction procedures." This Court is not a part of a "State's post-conviction procedures." State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a *federal* court. The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.

*Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

The AEDPA's statutory tolling provision "does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Winkfield v. Bagley*, 66 Fed. Appx. 578, 581 (6th Cir. 2003)(citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *cert. denied*, 540 U.S. 969 (2003); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000)(holding that "[a] state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *cert. denied*, 531 U.S. 991 (2000). Under such circumstances, a petitioner can only avoid the time-bar if the petitioner is able to demonstrate entitlement to "equitable tolling."

The Sixth Circuit has held that "[b]ecause AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *cert. denied*, 543 U.S. 865 (2004). "Typically, equitable tolling applies only when a litigant's failure to meet

5

a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The circumstances which will lead to equitable tolling are rare. *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court determined that a petitioner seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently; and, (2) that some extraordinary circumstance stood in his way. *Id.* at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In the Sixth Circuit, there have traditionally been two bases for equitable tolling of the limitations period. *Harvey v. Jones*, No. 04-2487, 2006 WL 1208066, *2 (6th Cir. 2006); *cert. denied*, 127 S.Ct. 289 (2006).  In *Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005), the Court held that "equitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate."  If a petitioner failed to establish actual innocence under the standard enunciated in *Souter,* the limitations period could still be equitably tolled based on five factors outlined by the Sixth Circuit in *Dunlap v. United States,* 250 F.3d 1001 (6th Cir.2001), *cert. denied,* 534 U.S. 1057 (2001).  These factors, established prior to the Supreme Court's decision in *Pace*, *supra*, included:

(1)     the petitioner's lack of notice of the filing requirement;

(2)     the petitioner's lack of constructive knowledge of the filing requirement;

(3)     diligence in pursuing one's rights;

(4)     absence of prejudice to the respondent; and

(5)     the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir.1988)).  Even if a petitioner lacks actual knowledge of the relevant provisions of AEDPA, however, "ignorance of the law

6

alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir.2004)(citing *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991)); *cert. denied,* 543 U.S. 865 (2004). A petitioner's burden of demonstrating entitlement to tolling is, thus, a heavy one.

## II.     DISCUSSION

For purposes of Hudson's Motion to Dismiss, the primary issue before the Court is whether a motion for a delayed appeal filed in a state court of appeals constitutes "direct review" for purposes of 28 U.S.C. § 2244(d)(2), such that the statute of limitations for filing a habeas petition in a federal court does not begin to run until *after* resolution of the motion for a delayed appeal.  The Court concludes that a motion for a delayed appeal is not part of direct appellate review; therefore, Porter's habeas petition is time-barred.

The Magistrate Judge, in a well-reasoned opinion, thoroughly explained the details of Porter's negotiated plea agreement, his agreed-upon conviction and sentencing, his attempts at a delayed appeal, and the grounds for his delayed appeal and habeas petition.  The Court need not revisit this entire background.  Relevant for purposes of the Court's *de novo* review in this case is the date of Porter's sentencing, the date of any collateral attacks on his sentence, and Porter's arguments before this Court as to why Porter believes his habeas petition is timely filed.

The primary grounds for relief addressed in Porter's habeas petition arise out of alleged errors made during the plea-taking and sentencing proceedings.  Porter, however, also raises an ineffective assistance of counsel claim.  While Porter admits he was specifically advised by the trial judge of his appeal rights during sentencing, he claims his defense counsel subsequently informed him that the judge's remarks were simply "pro forma," and that Porter did not have the right to appeal his negotiated plea and sentencing agreement.  Porter argues these remarks effectively "negated" the judge's advice.

7

Ordinarily, Porter's claims would be governed by 28 U.S.C. § 2244(d)(1)(A), which requires that any petition for habeas corpus be file within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  It is possible, however, that, because Porter claims he was not fully aware of his right to appeal due to his attorney "negating" what the trial judge discussed at sentencing with respect to Porter's appeal rights, that a different statutory limitation could apply.  Under 28 U.S.C. § 2244(d)(1)(D), a petition for habeas corpus must be filed within one year of the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Neither subsection, however, assists Porter here.

Insofar as Porter attempts to challenge his sentence, under Ohio law, Porter had 30 days within which to file his direct appeal after the date of sentencing.  *See* Ohio R. App. P. 4(A).  Since he did not file a timely direct appeal, his conviction became final 30 days after the August 13, 2001 journal entry of sentencing - in other words, on September 12, 2001.  This was the last day upon which Porter could seek further direct review.  The statue of limitations on his habeas petition, accordingly, began to run the following day, on September 13, 2001, and concluded one year later, on September 13, 2002.

Porter made no challenge to his conviction and sentence, of any kind in any forum, until almost two years and two months after the expiration of the September 13, 2002 deadline, when he filed - on November 2, 2004 - his Rule 5(A) motion for leave to file a delayed appeal in the Ohio Court of Appeals.  Porter's Rule 5(A) motion, and the ultimate resolution of that application, however, had no effect on the AEDPA limitations period.  The Sixth Circuit specifically admonished in *Searcy v. Carter*, 246 F.3d 515, 516 (6th Cir. 2001) that "a petitioner cannot indefinitely delay the running of the statute of limitations in a federal habeas action by filing a delayed appeal in state court."  The court reasoned:

8

> Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.

*Id.* at 519; *cert. denied*, 534 U.S. 905 (2001); *cf. Wheeler v. Jones,* 226 F.3d 656, 660 (6th Cir. 2000)(noting that "if [habeas petitioner's] position were adopted, state court judgments would never attain finality because they would always be subject to reconsideration on a motion for a delayed appeal."); *cert. denied*, 532 U.S. 1068 (2001).

Contrary to Porter's position, an application for a delayed appeal, even if properly filed, does not "revive" the federal statute of limitations clock and provide a new one-year AEDPA limitations period; it only tolls the statute for the time during which a properly filed motion is pending. *Searcy*, 246 F.3d at 519 ("although the filing of a motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin to run anew when the state court denied the motion."); *see also DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006)("[s]uch a motion for delayed appeal, even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."). Thus, where a petitioner files a motion for a delayed appeal ***during the running of the one-year statute of limitations period***, the motion will "stop the clock" while the motion is pending - but it will not go another step further and "restart" the limitations period after there is a decision on the motion. *See, e.g., Winkfield*, *supra*, 66 Fed. Appx. at 581.  In this case, since the one-year AEDPA limitations period had expired well over two years before Porter first filed his Rule 5(A) motion, there remained no time left to toll.

This position is well-supported in Ohio federal courts.  In *Flannery v. Wilson*, No. 1:05CV2210,

9

2006 WL 1587376 (N.D. Ohio  June 5, 2006)(Boyko, J.)(Slip copy), this Court explicitly recognized and adopted the rule from *Searcy* that a motion to file a delayed appeal in a state appellate court is ***not part of direct review*** and cannot, therefore, restart the running of the statute of limitations for purposes of federal habeas review.  In that case, substantially similar to Porter's situation, the petitioner pled guilty to probation violations, and was sentenced on May 2, 2002.  *Id.* at *1.  He took no appeal within 30 days of his sentencing.  *Id.* at *2.  In fact, the petitioner did nothing further until he filed for a delayed appeal on March 25, 2004.  *Id.* at *1.  The court of appeals denied the motion, and the petitioner appealed to the Ohio Supreme Court, which declined jurisdiction in 2005.  *Id.*  The petitioner filed his federal habeas petition on September 20, 2005.  *Id.*

Applying 28 U.S.C. § 2244(d)(1)(A), Judge Christopher A. Boyko concluded that, because the petitioner missed the 30-day deadline for filing a direct appeal from his May 2, 2002 sentence, the judgment became final on June 1, 2002.  *Flannery*, 2006 WL 1587376, at *2.  The one-year AEDPA limitations period, therefore, ran only until June 1, 2003 - well before the petitioner filed his motion for a delayed appeal, or his federal habeas petition.  *Id.*  Under the rule in *Searcy*, Judge Boyko reasoned, the filing of the motion for a delayed appeal did **not** "revive" the previously expired limitations period. *Id.*

Ohio district courts have remained steadfast in this position, continuously declining to find that

a delayed appeal constitutes direct review (such that the limitations clock is reset).[4]  Indeed, Porter's

argument that a motion for a delayed appeal is part of the direct appeal process, rather than a collateral

attack, has been explicitly rejected by the Sixth Circuit.  *See DiCenzi, supra,* 452 F.3d at 468 (citing

*Searcy, supra,* 246 F.3d at 519 for the proposition that while a motion for a delayed appeal, if properly

filed within the statutory period, can *toll* the statute of limitations under 28 U.S.C. § 2244(d)(2), such

a motion is **not** part of the direct appeal for the purposes of 28 U.S.C. § 2244(d)(1)).

Porter, nevertheless, in his objection to the Magistrate Judge's recommendation, cites to three

cases in support of his position that a motion to file a delayed appeal is part of direct, rather than

collateral, review, and, therefore, the statute of limitations did not begin to run on his habeas petition

until *after* the Ohio Supreme Court declined jurisdiction on his much-delayed appeal.[5]  Porter further

argues he did not discover his right to appeal until some (undefined) time after his sentencing.  He

claims that "ONLY through his due diligent Pro Se research efforts, was he able to discover the

constitutional errors of his sentence and then discover that he had an available relief from the Ohio

Supreme Court's decision under a federal Writ of Habeas Corpus."  *See Petitioner's Traverse*, p.3.

Porter asserts that the trial judge's notification of his appellate rights was "nullified" by statements

made by his defense counsel, including that the trial judge was required to read Porter his rights but it

---

[4]        *See, e.g., Luther v. Hudson*, No. 1:06CV1896, 2006 WL 2864310 (N.D. Ohio Oct. 4, 2006)(Gaughan, J.)(Slip copy)(citing *Searcy, supra*, and *Winkfield*, *supra*, to find that where a defendant is sentenced in 1998 pursuant to a guilty plea, an unsuccessful request for a delayed appeal in 2005 could not "retrigger" the statute of limitations for purposes of bringing a federal habeas action in 2006); *Morgan v. Jeffries*, No. 3:05CV2056, 2007 WL 892986 (N.D. Ohio March 21, 2007)(Polster, J.)(Slip copy); *Howard v. Erwin*, No. 1:06CV377, 2007 WL 1026373 (S.D. Ohio March 30, 2007)(Barrett, J.)(Slip copy); *Pratts v. Hurley*, No. 5:04CV1875, 2007 WL 1577794 (N.D. Ohio May 31, 2007)(Boyko, J.)(Slip copy).

[5]        Those cases are *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), *Wolf v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003), and *Granger v. Hurt*, 215 Fed. Appx. 485 (6th Cir. 2007).

11

was simply "pro forma," and that Porter's sentence could not be appealed because it was jointly recommended.  *See Objection to Magistrate Judge's Report and Recommendation*, pp. 3-4.  Porter asserts that his counsel's statement concerning his inability to appeal a jointly recommended sentence was "wrong."  Porter's arguments, however, are fatally flawed for several reasons.

First, the case of *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), is of no precedential value because, as Respondent points out,  the decision - which addressed an untimely application to reopen a direct appeal - was explicitly overruled by *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005)("We therefore overrule *White v. Schotten*.").  The Sixth Circuit, in overruling its prior decision in *White*, held that Ohio Rule of Appellate Procedure 26(B), which allows a defendant to "reopen" a direct appeal on the basis of ineffective assistance of counsel, creates a collateral post-conviction procedure, and is **not** part of the direct right of appeal.  *Lopez*, 426 F.3d at 341.  *White*, therefore, cannot be utilized by Porter to contradict the well-established law in the Sixth Circuit that a motion for a delayed appeal is not part of direct review, and, accordingly, cannot serve to "reset" the statute of limitations.  *See Searcy*, *DiCenzi*, and *Winkfield*, *supra*.

The case of *Wolfe v. Randle*, 267 F. Supp. 2d 743 (S.D. Ohio 2003), similarly does not support Porter.  In that case, involving a motion to file a delayed appeal submitted more than three and a half years after sentencing by a petitioner who was ***never advised of any appeal rights whatsoever***, a petition for habeas corpus was granted.  Six of the seven grounds for relief, however, were dismissed as time-barred - in an earlier order - for failure to exercise due diligence.  *Id.* at 745, 750.  The only claim remaining before the court, therefore, dealt with allegations of denial of equal protection of the law - claimed to have arisen out of the dismissal of the petitioner's motion for a delayed appeal.  *Id.*

In allowing the habeas petition, the Southern District of Ohio did <u>not</u> hold that the petitioner's

motion for a delayed appeal was part of the direct appeal process.  The court, rather, applied due process considerations in concluding that the utter lack of any information imparted to the petitioner regarding his right to appeal was the sole factor which "preserves Petitioner's claim in the present case."  *Id.* at 748.  The court specifically noted that the "case centers on the complete failure of the court or counsel to inform Petitioner of his right to appeal" - a significant distinction not present in Porter's case.  *Id.* The court, accordingly, calculated the date for the running of the statute of limitations to be the date upon which the Ohio Supreme Court declined to hear petitioner's appeal because the crux of the petitioner's case was an equal protection claim regarding the informed right of appeal.  *Id.* at 750.

Finally, *Granger v. Hurt*, 215 Fed. Appx. 485 (6th Cir. 2007), stands for precisely the opposite of what Porter advocates here.  In that case, the Sixth Circuit cited to *Searcy v. Carter*, *supra*, in stating: "Rule 5(A) motions are treated as part of collateral review."  *Granger*, 215 Fed. Appx. at 100.  The court, therefore, held that the petitioner's motion for a delayed appeal - ***submitted <u>during</u> the one-year limitations period for filing a habeas petition*** - tolled the statute of limitations for filing a habeas petition while the petitioner pursued his motion.  *Id.*  The court specifically rejected the notion that the statute of limitations "restarted" with a new one-year period at the conclusion of the attempted delayed appeal, but recognized,  instead,  that the clock merely "resumed running" from where it had stopped at the time of tolling.  *Id.*  In contrast to the petitioner in *Granger*, Porter waited until slightly over two years <u>after</u> the one-year deadline for filing a habeas petition had expired before he submitted his motion for a delayed appeal.  Under such circumstances, there is nothing for Porter to toll.  *See Winkfield*, *supra*.

It is true, as Porter points out, that under 28 U.S.C. § 2244(d)(1)(D), the limitations period can run from "the date on which the factual predicate of the claim or claims presented could have been

13

discovered through the exercise of due diligence."  However, the Court concludes that this subsection
is not applicable to Porter's claims because there is evidence in the record that Porter did not exercise
due diligence.  Porter admits he was specifically advised by the trial court judge of his right to appeal
during the underlying proceedings.  The negotiated guilty pleas that Porter signed likewise expressly
informed Porter of his appeal rights, and indicated that any appeal must be filed within 30 days of
sentencing.  *See Respondent's Motion to Dismiss*, Exhibit G.  Porter argues his trial counsel somehow
"negated" the trial judge's advice (and, presumably, the pleas that were voluntarily signed by Porter)
by informing Porter that the judge's statements regarding Porter's appeal rights were simply for show.
As the Magistrate Judge and the respondent point out, however, the advice of Porter's trial attorney is
supported by law.[6]

In any event, even assuming the comments made by Porter's counsel were erroneous, it is clear
from the record that Porter was made aware when he entered into a plea agreement with the State that
he had a right to an appeal, which he was required to file within a specified time frame.  Despite the fact
that he was made aware of his right to an appeal at the time he entered his guilty pleas, including the
limited 30-day time frame in which to perfect an appeal as of right, Porter took no action whatsoever
to challenge his conviction until nearly three years and three months after the entry of the trial court's

---

[6]     *See* Ohio Revised Code § 2953.08(D)(1)("[a] sentence imposed upon a defendant is not
subject to review under this section if the sentence is authorized by law, has been recommended jointly
by the defendant and the prosecution in the case, and is imposed by a sentencing judge.").  Under this
statute, "authorized by law" means that the sentence imposed does not exceed the maximum term
prescribed by the penalty statute for the particular offense. *See also State v. McMillen*, No. 01CA564,
2002 WL 1370655, at *2 (Ohio Ct. App. June 13, 2002)(citing cases).  The Magistrate Judge found that
the jointly recommended sentence the trial court imposed in Porter's case did not exceed the maximum
term prescribed by the penalties for the offenses to which Porter entered his guilty pleas, and the Court
has been given no reason for disturbing this finding.  Porter offers no legal support whatsoever for a
contrary finding, other than his personal belief that "authorized by law encompasses a much broader
definition."  *See Objection to Magistrate Judge's Report and Recommendation*, p. 4.

judgment on August 13, 2001.  It is the petitioner that bears the burden of demonstrating that he exercised due diligence.  *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2000).  To the extent Porter argues the comments of his counsel were in conflict with the comments made by the trial judge, Porter has not provided an adequate explanation for his three year and three month delay in pursuing any relief in the state courts.[7]  As the respondent argues, the excuses Porter provides in his objections to the Magistrate Judge's recommendation are the type found by the United States Supreme Court to be insufficient to overcome the heavy burden of demonstrating that equitable tolling is appropriate.[8]

In light of the evidence demonstrating that, before entering his pleas, Porter was made aware that he had the right to an appeal, as well as of the thirty-day time limit for filing such an appeal, it appears that the factual predicate underlying Porter's claims for relief was discoverable in the exercise of due diligence before the expiration of time for seeking direct review, or, at the least, reasonably soon

---

[7]  *See, e.g., Miller v. Jeffries*, No. 3:05CV1989, 2006 WL 3469638 (N.D. Ohio Nov. 30, 2006)(Nugent, J.).  In that case, precisely as here, the habeas petitioner attempted to excuse his much-delayed filing of a motion for a delayed appeal (submitted ***after*** the one-year statute of limitations for filing a habeas petition had expired) by claiming his trial counsel either intentionally or negligently advised him that he had no right to appeal.  *Id.* at *4.  The *Miller* petitioner, like Porter, admitted that the trial judge expressly informed him of his appeal rights during his sentencing hearing, but argued that his trial counsel subsequently "lied" to him by stating he had no appeal rights given his guilty plea.  *Id.* at *3.  Both the state court of appeals, and the Ohio Supreme Court, denied his appeal.  *Id.* at *3-4.  This Court, based on the recommendation of Magistrate Judge Kenneth McHargh, dismissed the petitioner's untimely habeas petition, finding no basis for equitable tolling where the only ground asserted was allegedly insufficient legal advice.  *Id.* at *6-7 (citing numerous cases holding that attorney errors do not constitute the "extraordinary circumstances" required for equitable tolling, including cases finding that this is particularly the case where the petitioner does not act with due diligence throughout the entire period he is seeking to toll).

[8]  *See Johnson v. United States*, 544 U.S. 295, 311 (2005):
> [Petitioner] has offered no explanation for this delay, beyond observing that he was acting pro se and lacked the sophistication to understand the procedures. But we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness ...

15

thereafter.  Indeed, Porter initiated an apparently timely challenge against the trial court's imposition of court costs, indicating that, even as a pro se litigant, Porter clearly had  the wherewithal to pursue his legal remedies.  *See Respondent's Reply to Petitioner's Response to Respondent's Motion to Dismiss*, Exhibits A-I.  In this case, Porter has not satisfied his burden of demonstrating "due diligence" with respect to his appeal of the underlying criminal sentence; therefore, there is no basis for application of the longer limitations period of 28 U.S.C. § 2244(d)(1)(D).[9]

In sum, under 28 U.S.C. § 2244(d)(1)(A), Porter's conviction became final on September 12, 2001, when the thirty-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's final judgment entry issued on August 13, 2001.  *See* Ohio R. App. P. 4(A).  The statute of limitations commenced running the following day on September 13, 2001, and expired one year later on September 13, 2002.  Once that deadline passed, Porter became unable to extend the AEDPA's one-year period of limitations by filing a delayed appeal - absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. The filing of Porter's much-belated motion to file a delayed appeal in the state court of appeals, however, was not filed within the limitations period; thus, there was no time left on the clock to "stop," nor did the motion "re-set" the clock and begin a new one-year limitations period.  Porter, therefore, cannot use 28 U.S.C. § 2244(d)(2), because, once the limitations period has expired, it cannot be revived.

---

[9]        Indeed, in *DiCenzi*, *supra*, the Sixth Circuit remanded to the district court a sentencing challenge in which the habeas petitioner did not file his motion for a delayed appeal, or his habeas petition, within one year of his sentence becoming final, but did so strictly because the record clearly indicated the petitioner was ***never informed*** of any of his appeal rights whatsoever during sentencing. Under such a rare and extreme circumstance, the Sixth Circuit found it proper for the district court to determine whether the petitioner had exercised due diligence in contacting a Public Defender two years after his sentencing became final.  *DiCenzi*, 452 F.3d at 469-72.

Nor can Porter's significantly time-barred petition be saved by equitable tolling.  Although the statute of limitations may be equitably tolled in limited circumstances, there simply is no evidence in the record to suggest that Porter lacked notice or constructive knowledge of the one-year filing requirement for federal habeas corpus petitions.  It would have been unreasonable, moreover, for Porter to remain ignorant of the filing requirement, which has been in effect for at least a decade (*i.e.*, since 1996) before Porter signed his habeas petition.  Even if Porter claimed to lack knowledge of the one-year filing requirement - which he has not - "courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing."  *Starnes v. United States*, 18 Fed. Appx. 288, 293 (6th Cir. 2001).  Finally, Porter has failed to demonstrate that some extraordinary circumstance - as required by *Pace*, *supra* - prevented him from filing a timely federal habeas petition with this Court.  To permit equitable tolling under these circumstances "would significantly prejudice the government, which has an interest in bringing finality to the criminal appeals process."  *Starnes*, 18 Fed. Appx. at 294.


**III.    CONCLUSION**

In light of the foregoing, Respondent  Hudson's Motion to Dismiss (Doc. No. 7) is **GRANTED** and this case is hereby **DISMISSED.**


**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 16, 2007**
S:\06cv1608.dismiss-ord.wpd

17